UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sonja Jeanne Timmons, individually and as
mother and natural guardian of K.M.T.,
J.B.H., and M.J.H,

       Plaintiff,

v.

P F Enterprises, Inc., and Parker Family
Enterprises, Inc.,

       Defendants,

and

Minnesota Energy Resources Corporation,
Chevron Phillips Chemical Company LP,
Jerrold D. Parker a/k/a Jerry Parker, and
Don Paplow d/b/a Don's Plumbing and
Heating,

       Defendants and Third-Party
       Plaintiffs,

v.

Troy Haugen,

       Third-Party Defendant.

Case No. 14-cv-3359 (JNE/BRT)
ORDER

With the consent of all defendants that had made an appearance in state court, Minnesota Energy Resources Corporation (MERC) removed four actions from state court on the basis of the jurisdiction under 28 U.S.C. § 1331 (2012). *See* 28 U.S.C. § 1441(a)

(2012). After their removal, the actions were consolidated. With the exception of Jerrold D. Parker, Plaintiff settled with each defendant that has appeared.[1]

In an Order dated October 12, 2016, the Court questioned whether the four actions were removable on the basis of the jurisdiction under § 1331. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)). The Court cited *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005), *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 589–91 (6th Cir. 2013), *Delgado v. M. Lipsitz & Co.*, Civil No. 3:13-4324-N, 2014 WL 11456820, at *2–3 & n.1 (N.D. Tex. Jan. 28, 2014), and *Elliot v. City of Holly Springs*, Civil No. 3:10-01-GHD-JAD, 2010 WL 2505599, at *3 (N.D. Miss. June 14, 2010), and granted the parties an opportunity to submit memoranda that address whether the Court lacks subject-matter jurisdiction. Plaintiff and Parker submitted memoranda.

*Plaintiff's memorandum*

The substance of Plaintiff's memorandum occupies approximately 1.5 pages. Plaintiff did not discuss any of the cases cited in the October 12 Order. Instead, Plaintiff

---

[1] Plaintiff's settlements with MERC and Chevron Phillips Chemical Company LP are subject to judicial approval.

acknowledged the reservations about subject-matter jurisdiction she expressed in the Rule 26(f) Report, which states:

> Plaintiffs' Complaints allege violations of a Minnesota Statute (Minnesota Statute § 299f.57), which states, in part, that the federal safety standards adopted as a part of 49 CFR Part 192 are adopted as minimum safety standards for the state of Minnesota. When plaintiffs were considering where to bring their lawsuits against the defendants, and although they would have liked to directly file their lawsuits in this court, they did not feel that violations of a Minnesota Statute using federal regulations as minimum safety standards in the state of Minnesota was a sufficient federal question to confer jurisdiction to this court. While plaintiffs are not adverse at all to litigating their Complaints in this court and have not sought remand of these cases to Minnesota state court, they are concerned that: (a) this court, after further review concerning whether a federal question herein is of the nature and type that would confer jurisdiction of these cases with this court, might determine that such a federal question does not exist in these cases and (b) based upon that determination, later might remand this case to the Minnesota state court, causing a delay in their ability to proceed to trial of their Complaints as quickly as possible.

After acknowledging her statements in the Rule 26(f) Report, Plaintiff asserted that the Court has subject-matter jurisdiction:

> After significant written discovery, the depositions of numerous fact witness and party by and between the parties herein, and after significant expert witness discovery and depositions by the parties, plaintiff came to a different conclusion regarding whether the Court originally had and continues to have federal question jurisdiction of this case. More specifically, plaintiff has concluded that the federal regulatory provisions alleged in her Complaints, as adopted by Minnesota Statute, were such an important and integral part of her case against MERC and CP Chem that they conferred federal question jurisdiction to this Court of her claims against those defendants and conferred supplement[al] jurisdiction of her purely state law claims against those defendants, against Parker, and against defendant Don Paplow . . . pursuant to 28 USC § 1367.

Plaintiff concluded her memorandum by asserting that resolution of her claims against MERC and Chevron Phillips Chemical Company LP will leave Parker as the sole

remaining defendant,[2] that her claims against Parker do not involve a federal question, and that the Court will have to decide whether to exercise supplemental jurisdiction over the claims against Parker. Plaintiff did not advocate for or against the exercise of supplemental jurisdiction over the claims against Parker.

*Parker's memorandum*

Parker asserted that the Court has subject-matter jurisdiction. After acknowledging that the Supreme Court "has held that a case asserting a state law claim with an embedded federal question is subject to federal jurisdiction" under certain circumstances, Parker summarized *Elliott*, which is one of the cases cited in the October 12 Order, and asserted that the case was properly removed on the basis of a federal question:

> In the present case, Plaintiffs have alleged that MERC failed to abide by the regulations set forth in Minnesota Statute § 299f.57, which adopted the federal standards of 49 C.F.R. Part 192. Moreover, Plaintiffs specifically alleged MERC violated 49 C.F.R. §§ 192.625 and 192.616 when it failed to properly odorize the natural gas it delivered to Plaintiffs' residence and that such violations were a proximate cause of Plaintiffs' damages. Since Plaintiffs' claim for relief clearly relies upon MERC's alleged violation of . . . federal regulations adopted in Minnesota, this case was properly removed on the basis of federal question subject-matter jurisdiction.

Parker maintained that the Court should exercise supplemental jurisdiction over the claims against him and that the Court may not approve Plaintiff's settlements with MERC and Chevron Phillips Chemical Company LP if the Court determines that it lacks subject-matter jurisdiction.

---

[2]   Neither P F Enterprises nor Parker Family Enterprises has made an appearance.

*Analysis*

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "[E]ven where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The following inquiry determines whether a case is within that "special and small category":

> Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* at 1065 (citation omitted) (quoting *Grable*, 545 U.S. at 313–14). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly

5

pleaded complaint." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (quoting *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)).

In the Complaint, Plaintiff asserted the following claims: (1) MERC's negligence including MERC's non-product liability failure to warn; (2) MERC's gross negligence including MERC's non-product liability failure to warn; (3) MERC's negligent product liability failure to warn; (4) breach of express or implied warranty against MERC; (5) negligence per se of MERC; (6) negligent product liability failure to warn of Chevron Phillips Chemical; (7) negligence of Parker, P F Enterprises, and Parker Family Enterprises; and (8) negligence of Paplow.  Plaintiff's allegations included:

- "MERC sold, transported, and delivered natural gas as a pipeline operator through natural gas distribution pipeline systems to customers in various locations in Minnesota, including but not limited to residences and commercial locations in Tracy, Minnesota."  (Complaint ¶ 10)

- "MERC was also a regulated pipeline operator through its natural gas distribution pipeline system pursuant to the provisions and requirements of Minnesota Statute § 299f.57 and, as adopted by that statute, the federal pipeline safety standards as adopted at 49 Code of Federal Regulations . . . Part 192."  (Complaint ¶ 11)

- A natural gas explosion took place at Plaintiff's house in September 2012.  (Complaint ¶119)

- "MERC was negligent . . . in failing to properly odorize the natural gas it delivered to [Plaintiff's house] as required by 49 CFR § 192.625 . . . ."  (Complaint ¶ 139(g))

- "MERC was grossly negligent . . . in failing to properly odorize the natural gas it delivered to [Plaintiff's house] as required by 49 CFR § 192.625 . . . ."  (Complaint ¶ 145(g))

- "MERC is a regulated natural gas distribution pipeline pursuant to the provisions of Minnesota Statute § 299f.57, 49 CFR § 192.625, and 49 CFR § 192.616 and API RP 1162." (Complaint ¶ 165)  "MERC was negligent in not complying with the provisions of said statute, regulations, and recommended practice." (Complaint ¶ 167)  "MERC's negligence violated the provisions of said statute, regulations, and recommended practices that were designed to protect, *inter alia*, against the type of accident MERC's conduct caused." (Complaint ¶ 168)  "The failure of MERC to comply with said statute, regulations, and recommended practice constitutes negligence per se." (Complaint ¶ 170)  "MERC's negligence per se was a direct and proximate cause of the . . . natural gas explosion and fire at [Plaintiff's house]." (Complaint ¶ 171)  "As a direct and proximate result of MERC['s] negligence per [se] set forth herein, [Plaintiff] has sustained and will sustain injuries and damages . . . ." (Complaint ¶ 172)

In its Notice of Removal, MERC asserted, "In her Complaint, Plaintiff alleges claims arising under 49 Code of Federal Regulations Part 192. . . . [B]ased upon the claims asserted against Defendant MERC in Plaintiff's Complaint, federal question jurisdiction exists and is proper with this Court."

Two of the cases cited by the Court in the October 12 Order considered whether actions similar to this one were properly removed from state court on the basis of § 1331. In *Elliott*, the plaintiffs brought an action in state court seeking damages for injuries sustained as a result of a natural gas explosion. 2010 WL 2505599, at *1. Certain defendants removed the action from state court after the plaintiffs filed a second amended complaint:

> Defendants' ground for removal is that Plaintiffs added the specific Code of Federal Regulations citation, 49 CFR 192.625, in the Second Amended Complaint, as opposed to the general statement that Defendants "failed to comply with minimum standards provided by the Code of Federal Regulations and the Natural Gas Act of 1938" that was contained in both the original Complaint and the First Amended Complaint.

7

*Id.* The plaintiffs moved to remand, asserting that the removal was procedurally deficient and that federal question jurisdiction did not exist. *Id.* The district court concluded that it had subject-matter jurisdiction over the action:

> Plaintiffs argue that all the claims assert[ed] against Defendants are merely state law claims or causes of action and the CFR is only cited to define the applicable standard of care Defendants owed to Plaintiffs.
>
> The Court is of the opinion that in order for Plaintiffs[] to be successful on their claims, Plaintiffs must establish that Defendants violated sections of the CFR, the Natural Gas Act of 1938 and Department of Transportation guidelines, breaching the duties each imposes. The Court finds that Plaintiffs claims, though not stated as federal law claims, are based on federal law and therefore, it has subject matter jurisdiction over the present action.

*Id.* at *3. The district court remanded the action because the removal was untimely. *Id.* at *5–6.

In *Delgado*, an individual "suffered serious injuries as the result of a natural gas explosion at his workplace." 2014 WL 11456820, at *1. He and his wife filed an action in state court "against several companies that serviced his employer's natural gas line as well as the manufacturers of certain equipment involved in the explosion." *Id.* They "asserted claims for negligence, negligence per se, and strict products liability," alleging that "the natural gas companies were negligent per se because they failed to comply with the odorization requirements of 49 C.F.R. § 192.625." *Id.* A defendant removed the action from state court, arguing that the plaintiffs raised an issue of federal law by relying on federal law for their negligence per se claim. *Id.* The plaintiffs moved to remand. *Id.* The district court concluded that it lacked subject-matter jurisdiction and remanded the action to state court:

8

> The [plaintiffs] rely on 49 C.F.R. § 192.625 to supply a standard of care for their state law negligence and negligence per se claims. The parties agree that this case necessarily raises a federal issue that is actually in dispute. The Court finds, however, that the federal issue is not substantial, and the exercise of federal jurisdiction would disturb the federal-state balance. The Court therefore concludes that it lacks subject matter jurisdiction to hear this case.

*Id.* at *2; *cf. Columbia Gas Transmission*, 707 F.3d at 589–91 (concluding district court lacked subject-matter jurisdiction over natural gas company's state-law claim for interference with easement). The district court also acknowledged *Elliott* and declined to rely on it:

> [Defendant] cites *Elliott v. City of Holly Springs*, 2010 U.S. Dist. LEXIS 58688 (N.D. Miss. 2010), to support its contention that the involvement of 49 C.F.R. § 192.625 does raise a substantial federal issue. In that case, as in this one, the plaintiffs asserted state law claims against the defendants relating to a natural gas explosion. The court concluded that because the plaintiffs had to prove that Defendants violated sections of the CFR, including § 192.625, their claims were based on federal law and the court had subject matter jurisdiction. In other words, *Elliott* held that the federal court had jurisdiction because a federal issue was contested.
>
> The Supreme Court has rejected the notion that "the mere need to apply federal law in a state-law claim will suffice to" create federal subject matter jurisdiction. Rather, the Supreme Court has required that a state law claim involve "not only a contested federal issue, but a *substantial* one" before the exercise of federal jurisdiction is appropriate. Because the *Elliott* court did not address the substantiality of the federal interest, as required by *Grable* and its progeny, this Court does not rely on its holding.

*Delgado*, 2014 WL 11456820, at *2 n.1 (citations omitted).

As noted above, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, 545 U.S. at 313-14). In this case,

9

Plaintiff asserted several state-law claims against several defendants.  Some of the claims are based on alleged failures to comply with federal regulations, 49 C.F.R. §§ 192.616, .625, that are adopted as minimum safety standards by Minn. Stat. § 299F.57, subd. 1a (2014).  The claims necessarily raise federal issues that are actually disputed.

According to Plaintiff, "the federal regulatory provisions alleged in her Complaints, as adopted by Minnesota Statute, were such an important and integral part of her case against MERC and CP Chem that they conferred federal question jurisdiction to this Court of her claims against those defendants."  "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit . . . .  The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole."  *Gunn*, 133 S. Ct. at 1066.  The Court discerns no such substantial issue here.  *See id.* at 1066 ("In holding [in *Grable*] that the case arose under federal law, we primarily focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government."); *id.* at 1066 ("[T]he relevant point was not the importance of the question to the parties alone but rather the importance more generally of a determination that the Government 'securities were issued under an unconstitutional law, and hence of no validity.'" (quoting *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 201 (1921)); *Delgado*, 2014 WL 11456820, at *2.

In addition, the federal issue is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *See Grable*, 545 U.S. at 319 ("'The violation of federal statutes and regulations is commonly given negligence per se

effect in state tort proceedings.' A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." (citation omitted) (footnote omitted)); *Delgado*, 2014 WL 11456820, at *3 ("The Delgados assert routine state law tort claims and look to federal law only to supply a standard of care. Such claims are properly in state court."). For these reasons, the Court concludes that Plaintiff's claims do not arise under federal law. The Court lacks subject-matter jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2012). Because the Court lacks subject-matter jurisdiction, the Court remands the action to state court.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This action is REMANDED to the First Judicial District of the State of Minnesota, Dakota County.

2. The Clerk of Court shall send a certified copy of this Order to the Clerk of the First Judicial District of the State of Minnesota, Dakota County, 1560 Highway 55, Hastings, Minnesota 55033.

Dated: November 10, 2016

                                                    s/Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge